

E-FILED
Thursday, 02 April, 2009  03:43:38 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-30021 |
| | ) | |
| DEBRA KAY KIRBY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| ILLINOIS STATE RETIREMENT SYSTEMS, | ) ) | |
| | ) | |
| Third-party Respondent. | ) ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Government's Motion for Turnover Order (d/e 25). Defendant Debra Kay Kirby was convicted of wire fraud and conducting monetary transactions with the proceeds of illegal activity, and ordered to pay restitution in the sum of $263,408.41. <u>Judgment in a Criminal Case entered February 12, 2009 (d/e 20)</u>. The Government has now moved for an order directed at Third-Party Respondent Illinois State Retirement System (Retirement System) to turn

over Kirby's retirement fund account (Account) in the approximate sum of $33,424.70.  For the reasons set forth below, the Motion is ALLOWED in part.  The Retirement System is ordered to turn over funds in the Account that Kirby currently has a unilateral right to withdraw, and the Government has a lien on any portion of the Account that Kirby cannot currently withdraw.

## ANALYSIS

The Retirement System asserts that the Account is exempt from any collection efforts pursuant to state law and the anti-alienation provisions of the Employee Retirement Income Security Act of 1973 (ERISA).  <u>Third-Party Respondent Illinois State Retirement System's Response to Motion for Turnover Order (d/e 29)</u>, at 1-2; 40 ILCS 5/14-147; 735 ILCS 5/12-1006; 29 U.S.C. § 1056(d)(1).  The Government responds that the Account is subject to collection because the Mandatory Victims Restitution Act (MVRA) supersedes the exemption and anti-alienation provisions of state law and ERISA.  <u>United States' Response to State Retirement Systems' Response, and in Support of United States' Motion for Turnover Order (d/e 32)</u>, at 2; 18 U.S.C. § 3613(a).  The Court agrees with the Government.

The MVRA states that "notwithstanding any other Federal law" a

criminal judgment for restitution "may be enforced against all property or rights to property of the person fined" except for property exempt from collection of federal taxes as enumerated in the federal tax code. § 18 U.S.C. § 3613(a). The exemptions in the federal tax code do not include retirement accounts such as the Account. 18 U.S.C. §§ 3613(a)(1) and (f); 26 U.S.C. § 6334(a)(6). Congress' decision to designate specific exemptions to collection supersedes state law under the Supremacy Clause. United States v. Mitchell, 403 U.S. 190, 204-05 (1971). Thus, the Illinois exemption and anti-alienation laws do not apply.

The MVRA, as quoted above, also states that authorization to collect restitution extends to all property of the debtor notwithstanding any federal law. The MVRA, therefore, supersedes the anti-alienation provisions in ERISA. See United States v. Novak, 476 F.3d 1041, 1049 (9th Cir. 2007). The Account is subject to collection to satisfy Kirby's restitution obligation.

The Retirement System is directed to turnover that portion of the Account that Kirby currently has a unilateral right to withdraw from the Account. The Government's right to collection can only extend to the limits of Kirby's interests in the property. See Novak, 476 F.3d at 1063-64. Thus, if Kirby has no current right to payment of a portion of the Account,

3

the Government cannot force payment.

The Government, however, is entitled to a lien on Kirby's remaining interest in the Account, if any.  18 U.S.C. § 3613(c).  As Kirby is entitled to withdraw additional sums unilaterally, the Government will be entitled to execute the lien and receive those funds until the restitution judgment is satisfied.

The Retirement System notes that the District Court for the Northern District of Illinois has held that the ERISA anti-alienation provisions prevented forfeiture of retirement accounts.  <u>United States v. Hargrove</u>, 2006 WL 2524133 (N.D. Ill. June 26, 2006).  The MVRA did not apply in <u>Hargrove</u> because the case involved forfeiture of a retirement account, not collection of restitution.  Congress has clearly decided that payment of restitution to victims is a paramount concern that overrides conflicting federal statutes.  Since <u>Hargrove</u> did not involve restitution, the case does not apply here.

THEREFORE, the Government's Motion for Turnover Order (d/e 25) is ALLOWED in part.  The Illinois State Retirement System is ordered to turn over to the Clerk of this Court all sums held by it which Defendant Debra Kirby is currently entitled to withdraw unilaterally.  The Government

further has a lien on any remaining sums that the Illinois Retirement System may hold on behalf of Defendant Debra Kirby. The lien will continue in effect until the restitution judgment in this case is satisfied.

IT IS THEREFORE SO ORDERED.

ENTER: April 2, 2009

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE